**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kenneth Daywitt, Dennis White, Ali Ahmednuur,[1] *and others similarly situated*,

Plaintiffs,

v.

Shareen Gandhi,[2] Marshall Smith, Nancy Johnston, Doug Latuseck, Jessica Nies, Michael Boaheng, Kayla Wheaton, Chad Mesojedec, Nolan Peterson, David Clanaugh, Nicholas Lammi, Elizabeth Benz, and Dustin Metz, *in their individual and official capacities*,

Defendants.

File No. 25-CV-4470 (JMB/DLM)

**ORDER**

---

Kenneth Daywitt, St. Peter, MN, self-represented.

Dennis White, Moose Lake, MN, self-represented.

Ali Ahmednuur, Moose Lake, MN, self-represented.

Natalie Wicklund, Minnesota Attorney General's Office, St. Paul, MN for Defendants, Shareen Gandhi, Marshall Smith, Nancy Johnston, Doug Latuseck, Jessica Nies, Michael Boaheng, Kayla Wheaton, Chad Mesojedec, Nolan Peterson, David Clanaugh, Nicholas Lammi, Elizabeth Benz, and Dustin Metz.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Douglas L. Micko dated July 2, 2026, on Kenneth Daywitt's,

[1] Plaintiff's name is identified as "Ali Ahmednuur" in the caption but is spelled as "Ahmednuur Ali" in multiple other filings.

[2] Defendant's name is identified as "Shareen" in the caption but is spelled as "Shireen" in multiple other filings.

Dennis White's, and Ali Ahmednuur's (together, Plaintiffs) Motion for Temporary Restraining Order (Motion) (Doc. No. 43), which has been construed as a motion for preliminary injunction (Doc. No. 52). Plaintiffs objected to the R&R (Doc. No. 59) and Defendants Shareen Gandhi, Marshall Smith, Nancy Johnston, Doug Latuseck, Jessica Nies, Michael Boaheng, Kayla Wheaton, Chad Mesojedec, Nolan Peterson, David Clanaugh, Nicholas Lammi, Elizabeth Benz, and Dustin Metz (together, Defendants) responded. (Doc. No. 60.) For the reasons explained below, the Court will overrule Plaintiffs' objections, adopt the R&R, and deny the Motion.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

Plaintiffs are currently committed to the Minnesota Sex Offender Program (MSOP) under the Minnesota Commitment and Treatment Act, Minn. Stat. § 253B.01 *et seq.* (Doc. No. 25 at 1.) White and Ali reside at MSOP's facility in Moose Lake, Minnesota and Daywitt resides at MSOP's facility in St. Peter, Minnesota. (*Id.* at 6.) In their Amended Complaint, Plaintiffs allege that Defendants violated their right to freely exercise their religion under the United States Constitution, the Minnesota Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Religious Freedom Restoration Act (RFRA.) (*Id.* at 1–2.) Plaintiffs seek declaratory and injunctive relief as well as compensatory, actual, or nominal damages in the amount of $50,000. (*Id.* at 41.)

In the R&R, the Magistrate Judge recommends denying the Motion because Plaintiffs fail to meet their burden to establish each of the four factors required to grant a motion for a preliminary injunction under *Dataphase Sys., Inc. v. C L Sys. Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The Magistrate Judge denied the motion on grounds that the Plaintiffs' arguments on the *Dataphase* factors were unsupported by facts and were mere conclusory legal statements. (Doc. No. 58 at 6.) Plaintiffs timely filed an objection.

## DISCUSSION

Plaintiffs generally object to the Magistrate Judge's recommendation to deny the Motion. (Doc. No. 59 at 1.) Because Plaintiffs' objections lack specificity and adequate factual and legal support, the Court adopts the recommendations of the Magistrate Judge.

### A. Clear Error Standard of Review

As a threshold matter, the Court observes that a de novo standard of review applies to any portion of an R&R to which a plaintiff makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). However, "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). Courts give the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). In this case, Plaintiff makes only general conclusory objections noting their disagreement with the R&R's conclusions. (Doc. No. 59 at 2 (making a one-sentence objection that the regulation in question "was not nor is narrowly tailored as required"); 6 (making a one-sentence objection that "the claims

Daywitt brought in *Karsjens* are not identical to the claims [] brought in this immediate case. . . and are not precluded"); 5 (not making any objection to the Magistrate Judge's finding that Plaintiffs waited approximately six months from the date of filing their original complaint in November 2025 to file their motion for preliminary injunctive relief and only making a general objection that Defendants have violated their First Amendment rights).) The Court, therefore, reviews the R&R for clear error.

**B. *Dataphase* Factors**

Courts consider the following four factors in considering whether to grant a motion for a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc.*, 640 F.2d at 113. Courts recognize that "the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013).

Plaintiffs object to the recommended conclusion that they have not established irreparable harm or likelihood of success on the merits. As to irreparable harm, while Plaintiffs generally disagree with the recommended conclusion of the Magistrate Judge, they make no specific argument or analysis regarding this factor. To demonstrate irreparable harm, "[the movant] must show harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) (quotation omitted). The mere "possibility of irreparable harm" will not suffice. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

24 (2008). Here, the Court discerns no clear error in the Magistrate Judge's analysis. Plaintiffs waited several months after filing their original complaint to file the motion for preliminary injunctive relief. (Doc. No. 59 at 5.) This delay is a strong indication that Plaintiffs do not face the risk of irreparable harm, especially because Plaintiffs offer no explanation for the delay. The Magistrate Judge did not clearly err in recommending the conclusion that this factor favors denial of the motion where the record establishes a lack of imminence of harm.

Plaintiffs also assert that they carried their burden to show a likelihood of success on the merits of their claims. Again, the Court discerns no clear error. The Magistrate Judge correctly considered previous litigation by Daywitt (among other plaintiffs) raising nearly identical claims (among others) that were dismissed after granting summary judgment in Defendants' favor. *See Karsjens v. Piper*, 336 F. Supp. 3d 974, 991–993 (D. Minn. 2018), *aff'd in part, vacated in part, remanded sub nom. Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021). Plaintiffs advance no argument concerning claim preclusion or explaining why the previous claims, which failed on the merits, are different from the instant claims.

The Court need not reach the remaining two *Dataphase* factors. *E.g.*, *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny [injunctive relief].") (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1183 (8th Cir. 2011) (providing that an

adequate showing on irreparable harm is "an essential and universal predicate to the grant of equitable relief").

Having concluded that the Court cannot identify any clear error in the Magistrate Judge's reasoning or conclusions, the Court agrees with the Magistrate Judge's conclusion that the Motion be denied.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Plaintiffs' Objections (Doc. No. 59) to the R&R.
2. The Court ADOPTS the R&R. (Doc. No. 58.)
3. The Motion for Temporary Restraining Order (Doc. No. 43) is DENIED.

Dated: October 26, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court